# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOHNNIE B. JANES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:12-cv-931-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) the United States of America's ("USA") motion to dismiss[2] and (2) Johnnie B. Janes's ("Plaintiff") motion for an extension of time.[3]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 3.

[2] *See* docket no. 8.

[3] *See* docket no. 2.

## **RELEVANT BACKGROUND**

All of the following facts are taken from Plaintiff's complaint and the attached exhibits. On December 8, 2010, an administrative tort claim that Plaintiff had filed was finally denied and sent to Plaintiff.[4] The denial notice informed Plaintiff that if he was dissatisfied, he could present his tort claim "to a Federal district court for judicial consideration . . . within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter [(December 8, 2010)]."[5]

On June 7, 2011, one day before the six-month statute of limitations expired (June 8, 2011), Plaintiff filed a complaint in state court against the USA asserting jurisdiction under the Federal Tort Claims Act ("FTCA") based on the allegations of medical malpractice, including the allegation that he was not properly informed that his prostate cancer surgery could render him sterile.[6] On November 17, 2011, the state court entered an order of dismissal without prejudice for lack of jurisdiction.[7]

On October 2, 2012, more than ten months after the dismissal of the state court complaint, Plaintiff filed his complaint in this case, asserting jurisdiction under the FTCA for

---

[4] *See* docket no. 1, Exhibit 4 at 1.

[5] *Id*.

[6] Docket no. 1, Exhibit 6 at 6-8.

[7] Docket no. 1, Exhibit 6 at 47-48.

medical malpractice and claiming that he was not properly informed that his prostate cancer surgery could render him sterile.[8]

## ANALYSIS

### I. USA's Motion to Dismiss

The USA filed its motion to dismiss on November 30, 2012. Plaintiff has not responded to the USA's motion, and the time for doing so has passed. *See* Fed. R. Civ. P. 6; DUCivR 7-1(b)(3)(A). That alone is a basis for granting the USA's motion to dismiss. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice."). That notwithstanding, the court will address the merits of the USA's arguments in support of its motion to dismiss.

The USA seeks dismissal of Plaintiff's complaint for lack of subject matter jurisdiction under rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1), (b)(6). The USA argues that Plaintiff's complaint in this case is barred by 28 U.S.C. § 2401(b).

28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail,

---

[8] *See* docket no. 1.

>of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Applying the six-month limitation in 28 U.S.C. § 2401(b), the Tenth Circuit has held that the timely filing of an FTCA suit, which is later dismissed, cannot save a second suit filed outside the six-month limitation. *See Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994); *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 274 (10th Cir. 1991).

Here, notwithstanding the clear direction in the denial notice that Plaintiff should present his tort claim "to a *Federal district court* for judicial consideration,"[9] Plaintiff filed his initial complaint in state court on June 7, 2011, one day before the statute of limitations expired. On November 17, 2011, the state court entered an order of dismissal without prejudice for lack of jurisdiction. On October 2, 2012, more than ten months after the dismissal of the state court complaint, Plaintiff filed his complaint in this case. Because Plaintiff's complaint in this case was filed outside of the limitation period contained in 28 U.S.C. § 2401(b), it is time-barred.

A remaining issue the court will consider is whether equitable tolling could apply in this case. This court has held that "based on the statutory language and the absence of congressional intent otherwise, . . . the equitable tolling doctrine does not apply to cases brought under the FTCA." *See Wukawitz v. United States*, 170 F. Supp. 2d 1165, 1170 (D. Utah 2001). In addition, the *Wukawitz* court held that filing a FTCA claim in state court did not constitute commencement of an action against the USA because the action was not filed in a court of competent jurisdiction. *See id*.

---

[9] Docket no. 1, Exhibit 4 at 1 (emphasis added).

According to those holdings, Plaintiff's complaint in this case cannot be saved by equitable tolling from the six-month limitation period contained in 28 U.S.C. § 2401(b). However, even if equitable tolling did apply in this case, Plaintiff's complaint would still be time-barred. As previously noted, Plaintiff's administrative claim was denied on December 8, 2010. Plaintiff's complaint was filed in state court on June 7, 2011, one day before the statute of limitations expired. Plaintiff's complaint was dismissed by the state court on November 17, 2011. Even if equitable tolling applied, after Plaintiff's complaint was dismissed by the state court, he had no more than one day to file in federal court. Plaintiff waited more than ten months after his state court action was dismissed before filing his complaint in this case on October 2, 2012. Furthermore, Plaintiff did not file in federal court until approximately one year and ten months after the final denial of his administrative claim on December 8, 2010, or approximately one year and four months after the six-month statute of limitations expired.

Based on the foregoing, the court concludes that Plaintiff's complaint in this case is "forever barred" by the applicable six-month statute of limitations. 28 U.S.C. § 2401(b). Accordingly, the USA's motion to dismiss should be granted, and this case should be dismissed with prejudice.

## II. Plaintiff's Motion for an Extension of Time

In his motion for an extension of time, Plaintiff appears to be seeking to have equitable tolling applied to the six-month statute of limitations in 28 U.S.C. § 2401(b). The court has already concluded that equitable tolling does not apply in this case and that, even if it did,

Plaintiff's complaint would still be time-barred. For those reasons, Plaintiff's motion should be denied.

### **CONCLUSION AND RECOMMENDATION**

In summary, **IT IS HEREBY RECOMMENDED** that:

1. The USA's motion to dismiss[10] be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

2. Plaintiff's motion for an extension of time[11] be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 15th day of January, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[10] *See* docket no. 8.

[11] *See* docket no. 2.